Filing # 69323128 E-Filed 03/15/2018 02:10:05 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

VICTORIA DICKERSON, an individual,

    Plaintiff,                                       CASE NO.

vs.                                             DIVISION:

JEREMY BARANCIK, an individual, and XPO
CNW, INC., a Foreign profit corporation,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA DICKERSON, hereby sues Defendants, JEREMY BARANCIK and XPO CNW, INC., and alleges:

### JURISDICTIONAL BASIS AND PARTIES

1. This is a negligence action for compensatory damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest.

2. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

3. At all times material hereto, Defendant JEREMY BARANCIK was a resident of Genesee County, Michigan, traveling the roads of Florida, specifically Hillsborough County, Florida.

4. At all times material hereto, Defendant XPO CNW, INC., is a foreign profit corporation conducting business in Florida, specifically Hillsborough County, Florida.

5. At all times material herein, Defendant, JEREMY BARANCIK, was in the course and scope of his employment with Defendant, XPO CNW, INC., or was performing duties

- 1 -

**COMPOSITE EXHIBIT A**

related to the conduct of said employment thereby making Defendant, XPO CNW, INC., liable under Florida's vicarious liability doctrine.

6. Because the motor vehicle collision described in this complaint occurred in Hillsborough County, Florida, venue is proper in Hillsborough, County pursuant to §47.011, *Florida Statutes*.

## GENERAL FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs one (1) through six (6) of this Complaint as though the same were fully set forth herein, and further states as follows:

7. At all times mentioned in this complaint, Defendant JEREMY BARANCIK operated an automobile registered in the state of Florida.

8. At all times mentioned in this complaint, Defendant JEREMY BARANCIK held a valid driver license issued by the state of Michigan, was a resident of the state of Michigan, and was using the roads of the state of Florida.

9. At all times mentioned in this complaint, Defendant JEREMY BARANCIK operated an automobile described as a 2006 Dodge car with tag number 829XRW, that was registered in the state of Florida.

10. At all times mentioned in this complaint, Defendant, JEREMEY BARANCIK, was an employee of Defendant, XPO CNW, INC., and was within the scope and course of his employment.

11. On August 31, 2016, Plaintiff was the restrained driver of a 2007 Pontiac Vibe with tag number 301VPH, that was traveling on Northbound on 40th in Hillsborough County, Florida.

**COMPOSITE EXHIBIT A**

12. While attempting to pull out of a parking lot, Defendant JEREMY BARANCIK, negligently failed to observe traffic and pulled out the parking lot and collided with the vehicle in which Plaintiff was traveling.

13. As a result of the crash, Plaintiff, VICTORIA DICKERSON, suffered serious injuries.

## COUNT I – PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT JEREMY BARANCIK

Plaintiff re-alleges paragraphs one (1) through fourteen (14) of this Complaint as though the same were fully set forth herein, and further states as follows:

14. Defendant, JEREMY BARANCIK, had a duty to operate his automobile in a safe and reasonable manner.

15. Defendant, JEREMY BARANCIK, breached the duty to operate his automobile in a safe and reasonable manner by colliding with the vehicle in which the Plaintiff was traveling, and by:

   a. Failing to operate the vehicle in a reasonably careful way, considering the traffic conditions and all other relevant circumstances, so as to ensure the safety of others on the roadway, such as Plaintiff, or others reasonably anticipated to be on the roadway, whether as drivers or passengers;

   b. Failing to keep a reasonable lookout for other vehicles and/or failing to properly be aware of traffic conditions and other vehicles, like the one of which Plaintiff was the driver, and others reasonably anticipated to be on the roadway;

   c. Failing to keep and maintain proper control of the vehicle;

   d. Failing to drive at an appropriate speed and to yield to other vehicles, like the one of which the Plaintiff was the driver, and others reasonably anticipated to be on the roadway; and

**COMPOSITE EXHIBIT A**

  e. Failing to take appropriate and necessary action under the circumstances.

16. As a direct and proximate result of Defendant, JEREMY BARANCIK's, negligence, Plaintiff suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff will suffer losses in the future.

**WHEREFORE,** Plaintiff, VICTORIA DICKERSON, requests judgment against Defendant, JEREMY BARANCIK, for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, VICTORIA DICKERSON, demands a trial by jury.

## COUNT II—PLAINTIFF'S CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT XPO CNW, INC.

Plaintiff re-alleges paragraphs one (1) through fourteen (14) as though fully set forth herein, and further states as follows:

17. The Defendant, XPO CNW, INC, as employer of Defendant, JEREMY BARANCIK, who was in the course and scope of his employment with them or, in the alternative, was performing duties related to the conduct of his employment with them at the time the vehicle driven was being negligently driven is liable under Florida law.

18. As a direct and proximate result of Defendant, XPO CNW, INC's, negligence, Plaintiff, VICTORIA DICKERSON, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff VICTORIA DICKERSON, will suffer losses in the future.

**COMPOSITE EXHIBIT A**

WHEREFORE, Plaintiff, VICTORIA DICKERSON, requests judgment against Defendant, XPO CNW, INC., for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff, VICTORIA DICKERSON, demands a trial by jury.

Respectfully submitted,

Date 3/5/2018

Dennis Hernandez, Esquire
Florida Bar Number: 915210
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: info@dennishernandez.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendants via service of process.

Dennis Hernandez, Esquire
Florida Bar Number: 915210
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: info@dennishernandez.com
Attorney for the Plaintiff

- 5 -

**COMPOSITE EXHIBIT A**